COMMONWEALTH *vs.* CHARLES WILCOX.

A complaint, on the Rev. Sts. *c.* 47, § 3, which alleges that the defendant did presume to be a retailer, &c., and did sell to a person named therein, a specified quantity of spiritous liquor, is not bad for duplicity; nor is such a complaint defective, for not showing what kind of spiritous liquor the defendant is charged with selling, or to whom it was delivered, or by whom it was carried away.

A warrant, in a criminal case, may be issued by one justice of the peace, upon a complaint made to him, and may be returned with the body of the defendant before any other justice of the peace for the same county, and the offence therein specified tried and determined by the latter.

A COMPLAINT was made to Henry L. Dawes, esquire, one of the justices of the peace for the county of Berkshire, alleging that the defendant, on the day and at the place named therein, " did presume to be a retailer and seller of wine, brandy, rum and other spiritous liquor, in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time, and did then and there sell to one G. M. one pint of spiritous liquor, the same being spiritous liquor in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time ; and did then deliver the same, and the same was then and there carried away ; he the said Wilcox not being first duly licensed as a retailer of wine and spirits according to law," &c.

On this complaint a warrant was issued by the justice to whom it was made, directing the officer to apprehend the defendant, and to bring him before such justice, or some other justice of the peace for the same county, to answer to the complaint, and to be further dealt with therein, as to law and justice shall appertain.

In pursuance of the warrant, the defendant was arrested, and carried before E. D. Whitaker, esquire, by whom he was tried and convicted of the offence alleged against him.

The defendant appealed to the court of common pleas, and was there tried before *Ward*, J., on the same complaint; and, being convicted thereon, he then moved in arrest of judgment on the following grounds: 1st, that the complaint does not show what species of spiritous liquor the defendant sold; 2d, that two offences are set forth in one count therein; 3d, 4th, that it does not appear by the complaint, when and to whom the spiritous liquor was delivered, or by whom it was carried away, or that it was delivered and carried away; 5th, that no offence is set forth in the complaint; and, 6th, that the justice of the peace, before whom the defendant was arraigned, had no jurisdiction of the case.

*J. C. Wolcott*, for the defendant.

*W. Porter*, district attorney, for the commonwealth.

DEWEY, J. The complaint, in the present case, according to the practice which has been repeatedly sanctioned by the decisions of this court, is sufficient to authorize a judgment against the defendant. The only point presented by the exceptions, which is novel and requires particular consideration, is that which relates to the jurisdiction of the justice of the peace, before whom the trial took place. In the present case, the warrant was issued by one justice, and was returned before another, by whom the complaint was heard and tried. The officer having the warrant for service returned it, together with the body of the defendant, to the justice who heard and decided the case, who was not the same magistrate by whom the complaint was received and the warrant issued; but the officer gives no reason in his return for the course which he thus pursued.

The defendant insists, that, under the provisions of the Rev. Sts. c. 135, § 8, the justice before whom the case was heard had no jurisdiction of the same. Taking this section of the statute as the sole authority for the jurisdiction exercised by the magistrate, it certainly would seem to favor the

position taken by the defendant. But we are of opinion, that the second section of the same chapter (Rev. Sts. c. 135,) confers power upon the officer, in a case like the present, to return the warrant before a different magistrate from the one by whom it is issued, and gives jurisdiction to the justice, before whom the warrant is thus returned, to hear and determine the complaint upon which it is founded.

This is in accordance with ancient usage, both as to the form of warrants, and the practice relating to them ; and we do not suppose that the legislature intended, by the eighth section of the statute above mentioned, to abrogate or change the practice in this respect. That section was probably introduced with a view to provide for cases, if any such there might be, in reference to which no mode of proceeding was elsewhere prescribed. The authority for issuing the warrant, in the form of a direction to the officer to bring the body of the defendant before some other magistrate, as well as to make the same returnable before the magistrate who issued it, was settled in *Foster's Case,* 5 Co. 59, and is recognized as a legal and proper mode of issuing warrants in criminal cases, in 2 Hale P. C. 112 ; 1 Ch. Cr. L. 39 ; Davis's Justice, 26. It is now sanctioned, as we think, directly, by the Rev. Sts. c. 135. § 2. We are of opinion, therefore, that the justice had jurisdiction ; and the exceptions are accordingly overruled.